[Crim. No. 44938. Second Dist., Div. Four. June 18, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS JACK WHITE, Defendant and Appellant.

Counsel

Robert S. Gerstein, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn, and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**McCLOSKY, J.**—Appellant Thomas Jack White pled guilty to two counts of robbery (Pen. Code, § 211[1]; counts I and II), three counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts III, IV and IX), two counts of forcible oral copulation (§ 288a, subd. (c); counts V and VI), one count of forcible sodomy (§ 286, subd. (c); count VII), and one count of attempted forcible sodomy (§§ 664 and 286, subd. (c); count VIII). He further admitted that during the commission or attempted commission of the crimes charged in counts I, II, V, VI, VII and VIII, he used a deadly weapon, namely a knife (§§ 12022, subd. (b) or 12022.3).

Appellant was sentenced to state prison for a total of nine years. The trial court sentenced appellant to the midterm of three years on count I. On counts II, III, IV, VIII and IX, the trial court imposed the midterm of three years and ordered the sentence on each count to run concurrently with each other and with the sentence imposed on count I. On counts V and VII, the trial court sentenced appellant to the low term of three years. The trial court further ordered that the sentences imposed on counts V and VII run concurrently with each other but consecutively to the sentences imposed on counts I, II, III, IV, VIII and IX. The trial court then imposed the low term of three years on count VI and ordered that sentence to run consecutively to the sentences imposed on counts I, II, III, IV, V, VII, VIII and IX. The use allegations in counts I, II, V, VI, VII and VIII were stayed.

This appeal followed. Appellant raises only an error in sentencing (§ 1237.5; Cal. Rules of Court, rule 31(d)), contending that his "acts in compelling a homosexual couple to have sexual contact with each other do not fall within the legislative intent underlying the special sentencing standards for violent sex crimes in section 667.6, and that section should therefore not have been applied in this case."

---

[1]All statutory references herein are to the Penal Code.

## FACTS

The events underlying the offenses of which appellant was convicted commenced at approximately 11 p.m. on April 28, 1981, and continued until approximately 4 a.m. the next day. At some point during this time, appellant threw a knife towards Robert C., beat and kicked Randy L. and Larry K. and threatened them with a knife. While kicking, pounding and screaming at both, appellant ordered Randy L. and Larry K. to orally copulate and sodomize each other. Randy L. was unable to sodomize Larry K.

Appellant, at the time, was angry at Randy L. and another individual because he thought that they had told his girl friend that he was a homosexual.

Further facts relating to the robberies and assaults are not relevant to a determination of this appeal.

## DISCUSSION

Appellant pled guilty to counts V and VI which each alleged a violation of section 288a, subdivision (c) (forcible oral copulation) against a different person. Under the mandate of section 667.6, subdivision (d), the trial court imposed a full consecutive sentence for each violation of section 288a, subdivision (c). Section 667.6, subdivision (d) in pertinent part provides: "A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions."

■ Appellant contends in essence that the legislative purpose underlying section 667.6, subdivision (d) will not be furthered in this case and that, therefore, he should instead have been sentenced under the scheme set forth in section 1170.1. This contention lacks merit.

In *People* v. *Karsai* (1982) 131 Cal.App.3d 224 [182 Cal.Rptr. 406], the court, in discussing whether the sentences imposed under sections 667.6 and 1170.1, subdivision (h) constitute cruel and unusual punishment, noted: "The offenses and offenders at which Penal Code [section] 667.6 . . . [is]

aimed are what might be termed 'violent' sexual offenses and offenders. They involve the use of force or fear to accomplish the most personal invasion of another person's self possible" (*Id.*, at p. 241.)

The *Karsai* court further noted that "[i]n enacting Penal Code section 667.6 the Legislature has chosen to treat violent sex offenses and violent sex offenders in a manner differently than other types of offenses and offenders. . . . The statute is directed at multiplicity of offenses by providing for full, separate, consecutive sentencing. In view of the outrageous nature of violent sexual offenses and the manifest danger to society from recidivism and multiplicity of offenses, we cannot say that the severity of the punishment is so disproportionate to the crimes so as to shock the conscience and offend fundamental notions of human dignity." (131 Cal.App.3d at p. 242.)

Oral copulation committed with the use of force or violence (§ 288a, subd. (c)) is a violent sex offense within the meaning of section 667.6, subdivision (d). Appellant committed two violations of section 288a, subdivision (c), each against a different victim. Contrary to appellant's contention, the legislative purpose underlying section 667.6, subdivision (d) is clearly implicated in this case. Hence, the trial court properly imposed "a full, separate, and consecutive term" for "each violation" of section 288a, subdivision (c) since each violation involved a separate victim.[2]

Appellant's argument that he should not be sentenced under section 667.6, subdivision (d) because he was not seeking sexual gratification but "wanted only to hurt and degrade the two men" in response to the offense he felt he had suffered is clearly specious. Appellant's motivation in committing these violent sex offenses, whether directly or by the use of another person, is simply irrelevant in determining the applicability of section 667.6, subdivision (d).

Also without merit is appellant's contention that section 667.6, subdivision (d) is not applicable because "he did not forcibly intrude on the body of his victims." While it is true that appellant himself did not insert any part of his own body into the person of either of his victims, he used each victim as the instrument by which he committed the crime of forced oral copulation against the other.

---

[2] We reject appellant's contention that the Legislature could not have foreseen "this extraordinary case." Appellant's conduct clearly falls within section 667.6, subdivision (d).

The judgment is affirmed.

Woods, P. J., and Munoz, J., concurred.*

---

*Assigned by the Chairperson of the Judicial Council.